UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JFXD TRX ACQ LLC, dba TRX, a Florida Limited Liability Company,<br><br>Plaintiff,<br><br>v.<br><br>CRANKIT INTERNATIONAL PTY LTD., dba CrankIt Fitness, an Australian Company,<br><br>Defendant. | Case No.: 2:23-cv-00298-JHC<br><br>**ORDER GRANTING MOTION FOR DEFAULT JUDGMENT** |

# I

## INTRODUCTION

This matter comes before the Court on Plaintiff's Motion for Default Judgment. Dkt. # 16. The Court has reviewed the materials submitted in support of the motion, pertinent parts of the record, and the applicable law. For the reasons below, the Court GRANTS the motion.

# II

## BACKGROUND

In March 2023, Plaintiff brought this action against Defendant, an Australian company,

claiming infringement of three patents. Dkt. # 1. In May, Plaintiff served Defendant with process in Australia. Dkt. # 11. In June, Plaintiff moved for default, Dkt. # 12, and the Clerk of Court entered default against Defendant, Dkt. # 15. Plaintiff now moves for a default judgment.

## III

### DISCUSSION

A. Jurisdiction

The Court has federal question subject matter jurisdiction over this case, as Plaintiff asserts federal patent infringement claims under 35 U.S.C. § 271 *et seq.* *See* 28 U.S.C. § 1331; 28 U.S.C. § 1338. Also, it appears that the Court's exercise of specific personal jurisdiction is proper as (1) Plaintiff has indicated that Defendant has purposefully and intentionally availed itself of the privilege of doing business in the State of Washington by alleging that Defendant sells Plaintiff's patented products here via Amazon.com and other websites and has entered into contracts with customers here, Dkt. # 1; (2) the claims arise out of Defendant's conduct directed toward Washington (and elsewhere); and (3) nothing in the record suggests that the exercise of such jurisdiction would be unreasonable. *See Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004).

B. Default Judgment

If a defendant fails to plead or otherwise defend, as here, the Clerk enters the party's default. Fed. R. Civ. P. 55(a). Then, upon a plaintiff's request or motion, the Court may grant default judgment for the plaintiff. Fed. R. Civ. P. 55(b)(2); *see Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). On default judgment motions, "[t]he court must accept all well-pled allegations of the complaint as established fact, except allegations related to the amount of

damages." *UN4 Prods., Inc. v. Primozich*, 372 F. Supp. 3d 1129, 1133 (W.D. Wash. 2019) (citing *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917–18 (9th Cir. 1987)). Courts typically consider these "*Eitel* factors" on a motion for default judgment:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986). Default judgments are generally disfavored, so "default judgment is appropriate only if the well-pleaded factual allegations of the complaint suffice to establish a plaintiff's entitlement to a judgment under the applicable law." *Dentist Ins. Co. v. Luke St. Marie Valley Dental Grp., P.L.L.C.*, No. 2:21-cv-01229-JHC, 2022 WL 1984124 (W.D. Wash. Jun. 6, 2022) (citing *DIRECTV, Inc. v. Hoa Huynh*, 503 F.3d 847, 855 (9th Cir. 2007)).

1. Prejudice to Plaintiff

"[P]rejudice exists where the plaintiff has no recourse for recovery other than default judgment." *Curtis v. Illumination Arts, Inc.*, 33 F. Supp. 3d 1200, 1211 (W.D. Wash. 2014) (citation and internal quotation marks omitted). Defendant has failed to respond to this action, so default judgment is Plaintiff's only means for relief. *See Eve Nevada, LLC v. Derbyshire*, No. 21-0251-LK, 2022 WL 279030 (W.D. Wash. Jan. 31, 2022); *Bd. of Trs. of U.A. Loc. No. 159 Health & Welfare Tr. Fund v. RT/DT, Inc.*, No. C 12-05111 JSW, 2013 WL 2237871, at *4 (N.D. Cal. May 21, 2013) ("Because ERISA provides that federal courts have exclusive jurisdiction for claims of this nature, denial of Plaintiffs' Motion would leave them without a remedy."). Thus, this factor supports default judgment.

2. Merits of Plaintiff's claims and Sufficiency of Complaint

"Courts often consider the second and third *Eitel* factors together." *Developers Sur. and Indem. Co. v. View Point Builders, Inc.*, No. C20-0221JLR, 2020 WL 3303046, at *5 (W.D. Wash. Jun. 17, 2022). Accepting the allegations of patent infringement as true, Plaintiff presents enough facts to establish that such a claim is plausible as to three of its patents. Dkt. # 1. Thus, the second and third *Eitel* factors weigh in favor of Plaintiff.

3. Sum of money at stake

This factor "considers whether the amount of money requested is proportional to the harm caused." *Sun Life Assurance Co. of Canada v. Estate of Wheeler*, No. C19-0364JLR, 2020 WL 433352, at *4 (W.D. Wash. Jan. 28, 2020). For now, Plaintiff is requesting only equitable relief and seeks discovery regarding damages.

4. Possibility of dispute over material facts

There is no sign that the material facts are in dispute. "The general rule of law is that upon default the factual allegations of the complaint, except those relating to damages, will be taken as true." *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977). Defendant did not appear, so the Clerk correctly entered default against it. Dkt. # 15. This factor weighs in favor of Plaintiff.

5. Probability that default was because of excusable neglect

The sixth *Eitel* factor assesses whether a defendant's default for failure to appear was because of excusable neglect. *Boards of Trustees of Inland Empire Elec. Workers Welfare Tr. v. Excel Elec. Servs., Inc.*, No. 2:21-CV-00200-MKD, 2022 WL 1243663, at *4 (E.D. Wash. Apr. 26, 2022). Generally, courts do not find excusable neglect when defendants were properly

served with the complaint. *See, e.g.*, *Maersk Line v. Golden Harvest Alaska Seafood LLC*, No. C20-1140-JLR-MLP, 2020 WL 6083464, at *4 (W.D. Wash. Sept. 30, 2020), *report and recommendation adopted*, No. C20-1140 JLR, 2020 WL 6077419 (W.D. Wash. Oct. 15, 2020). Plaintiff establishes that it properly served Defendant. *See* Dkt. # 11.

      6.   Policy favoring decision on the merits

Generally, cases "should be decided upon their merits whenever reasonably possible," so courts disfavor default judgment on this factor. *Eitel*, 782 F.2d at 1472. But in this case, Defendant's failure to appear or respond "makes a decision on the merits impractical, if not impossible," so the Court is not precluded from granting default judgment. *PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002)*; see also Empl. Painters' Trust v. Dahl Constr. Servs., Inc.*, No. C19-1541-RSM, 2020 WL 3639591 (W.D. Wash. July 6, 2020). Thus, default judgment is an appropriate remedy in this case.

## IV

### Conclusion

In light of the foregoing, the Court GRANTS the motion for default judgment.

A permanent injunction is entered against CrankIt, its affiliates, officers, agents, employees, and all persons acting for, with, by, through, under, or in active concert with, CrankIt. Such persons are permanently enjoined and restrained from:

    a.   making, offering for sale, selling, and importing the exercise strap products that infringe U.S. Pat. Nos. D831,764, 10,857,413, and 11,400,334, including, those products identified in Exhibit A of the Complaint (Dkt. # 1–1) as the CrankIt Home Strap (the "Infringing Products");

    b.   aiding, abetting, contributing to, or otherwise assisting anyone to make, offer for

sale, sell, and import the Infringing Products; and

c.  effecting assignments or transfers, forming new entities or associations, or utilizing other methods for the purpose of circumventing or otherwise avoiding the prohibitions set forth in subparagraphs (a) and (b).

Plaintiff may pursue discovery under Fed. R. Civ. P. 69(a)(2) to determine its complete damages due to Defendant's patent infringement.

Plaintiff may submit a request for an award of fees and costs when it requests a final judgment in this matter.

Dated this 24th day of August, 2023.

*John H. Chun*
John H Chun
United States District Judge